**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001964
30-JAN-2015
08:56 AM**

NO. CAAP-13-0001964

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KITAAMI, Plaintiff-Appellee, v.
EILEEN SHAVELSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5RC13-1-0126)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Fujise, JJ.)

Defendant-Appellant Eileen Shavelson (**Shavelson**)
appeals from the "Writ of Possession" and "Judgment for
Possession"[1] entered on July 17, 2013 in the District Court of
the Fifth Circuit[2] (**district court**).

---

[1]     In Shavelson's notice of appeal, she indicates that she is
appealing from the "Overriding and Misinterpreting Fair Housing Retaliation
Statutes," filed in July 2013.  The record on appeal, however, does not
include an order titled as such.  The record does include a "Writ of
Possession" and "Judgment for Possession," entered in favor of Kitaami on July
17, 2013.  HRAP Rule 3(c)(2) states that a notice of appeal "shall designate
the judgment, order or part thereof appealed from." Notwithstanding that
requirement, "a mistake in designating the judgment should not result in loss
of the appeal as long as the intention to appeal from a specific judgment can
be fairly inferred from the notice and the appellee is not misled by the
mistake." Ek v. Boggs, 102 Hawai'i 289, 294, 75 P.3d 1180, 1185 (2003)
(citation, internal quotation marks and ellipsis omitted).  We can infer from
Shavelson's notice of appeal that she intended to appeal the district court's
"Writ of Possession" and "Judgment for Possession," as those are the only
orders entered in July 2013, and that Kitaami was not misled by the error.
Thus, Shavelson's error does not invalidate her appeal.

[2]     The Honorable Frank D. Rothschild presided.

On appeal, Shavelson contends that Judge Rothchild violated the "Judge's Code." Shavelson also contends that Plaintiff-Appellee Kitaami (**Kitaami**) interfered with her "guaranteed right to a peaceful home" and retaliated against her, in violation of Hawaii Revised Statutes (**HRS**) § 521-74 (2006 Repl.).

Shavelson's opening brief does not meet the requirements of Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b). Shavelson's opening brief lacks a concise statement of the case with citation to the record; a concise statement of the points of error that clearly identifies the alleged error and includes record cites to reflect where the error occurred and where Shavelson brought the error to the district court's attention; a Standard of Review section; or an argument section containing citations to authorities or parts of the record. See HRAP Rule 28(b). Non-compliance with HRAP Rule 28 is sufficient grounds to dismiss Shavelson's appeal. See HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed . . . .") See also Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). However, in light of Shavelson's pro se status, we seek to address the merits where possible. Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 193, 268 P.3d 443, 446 (App. 2011); see also Bettencourt, 80 Hawai'i at 230, 909 P.2d at 558 ("[T]his court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." (citation and internal quotation marks omitted.))

As best as can be discerned, Shavelson asserts the following on appeal: (1) that the district court's conduct during her June 14, 2013 trial "obstructed justice"[3] and (2) that

---

[3]     Shavelson contends that she was "not allowed an opening statement, closing statement, nor was she allowed to properly interview one witness, and denied for no good reason, opportunity to interview the other stated to be witness." She also contends that the "[j]udge was prejudiced/biased from the start in favor of landlords in general, denied a motion filed by appellant on

Kitaami also "obstructed justice, and conspired to obstruct justice in a manner, by way of retaliation towards [Shavelson.]"

We are unable to consider the merits of Shavelson's contentions because she has failed to include the transcript of the trial proceedings in the record on appeal. The Hawaiʻi Supreme Court has held that "[t]he burden is upon appellant in an appeal to show error by reference to matters in the record, and [she] has the responsibility of providing an adequate transcript." Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558 (citation and internal quotation marks omitted). Shavelson contends that "[g]iven the lack of financial assistance . . . it is largely impossible for her to pay for those transcripts, yet curiously the appellees and their attorney have not bothered paying for them either."[4] Shavelson mistakenly believes that Kitaami shares a burden to procure the transcripts, if financially capable of doing so. However, "[t]he law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Id. (citation and internal quotation marks omitted).

Without the transcript from the trial, we have no basis upon which to review the merits of Shavelson's appeal. See id.; see also Lepere v. United Public Workers, Local 646, AFL-CIO, 77 Hawaiʻi 471, 473, 887 P.2d 1029, 1031 (1995); Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 266, 799 P.2d 60, 66 (1990); Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 152, 682 P.2d 82, 88 (1984) (the court is unable to review asserted errors where appellant has failed to provide a transcript of the trial proceedings).

---

June 10, 2013 for again no good reason offered, all in all the judge acted in a manner as to deny appellant proper access to present a case, obstructing justice."

[4] In its October 29, 2013 order, this court held that proceeding in forma pauperis "did not exempt [Shavelson] from payment for transcripts, see HRAP Rule 10(b)(1)(C)" and "[Shavelson] has not otherwise demonstrated that she is exempt from payment for transcripts."

3

Therefore,

IT IS HEREBY ORDERED that the "Writ of Possession" and "Judgment for Possession," both entered on July 17, 2013 in the District Court of the Fifth Circuit are affirmed.

DATED: Honolulu, Hawai'i, January 30, 2015.

On the briefs:

Eileen Shavelson
Defendant-Appellant pro se.

Warren C.R. Perry
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

4